CASES DETERMINED AT THE TERM OF THE FIRST MON-
DAY IN JULY, 1829, AT TUSCALOOSA.

### PRESENT AT THIS TERM,

THE HON. ABNER S. LIPSCOMB, CHIEF JUSTICE; AND THE HON.
REUBEN SAFFOLD, ANDERSON CRENSHAW, JOHN M.
TAYLOR, JOHN WHITE, SION L. PERRY,
AND HENRY W. COLLIER, JUDGES.

## WALLIS v. MURPHY.

*An affidavit that a party is about to remove himself out of the county of his residence so that the ordinary process of law cannot be served on him, is not sufficient to authorize an attachment to issue.*

THOMAS B MURPHY, by his agent D. Harding, sued out an original attachment in Morgan county against Eze-kiel P. Wallis, to recover on a note of hand for $107 75. The process was issued by a Justice of the Peace, and was made returnable to the County Court. The ground stated in the plaintiff's affidavit, for the issuance of the attach-ment is set forth in these words: "that said Wallis is about to remove himself out of the county of Morgan, his place of residence, so that the ordinary process of law cannot be served upon him, &c." The writ of attachment recited the ground of the issuance of the attachment thus: "oath hav-ing been made that said Ezekiel P. Wallis is about to re-move himself out of your county privately, so that the or-dinary process of law cannot be served upon him, &c."

JULY 1829.

Wallis
v.
Murphy.

The defendant appeared by his counsel, and at the trial term, moved the Court to quash the proceedings; which motion was overruled, and a verdict and judgment were rendered for the plaintiff for the amount of his debt.

*Wallis*, in this Court assigned several matters of error, and among other things that the writ of attachment improperly issued on a state of fact not sufficient to warrant it.

THORNTON, for the appellant; argued, that the recital in the writ that Wallis *was about to remove* privately was insufficient, and did not disclose such a state of fact as would authorize the issuance of it; that by the statute it was requisite that it should appear that the defendant was actually removing; the words of the statute are, *"is removing &c."a* which is materially different. Again, the recital in the writ is not supported by the affidavit, for in the affidavit it does not appear he was about to remove *privately*. This is also a material requirement of the statute. The attachment therefore issued improperly, and consequently the judgment is erroneous.

*a* Laws of Ala.
p.12 sec.2.
1 Marsh. 354.
2 Hen. and
Munf. 312.

M'CLUNG and ADAIR, for the appellee. It will be seen that the attachment was issued by the justice of the peace, under the 15th section of the act of 1814, to revise, *consolidate* and amend the several acts relative to justices of the peace, &c.*b* which requires as a condition that the plaintiff should comply with the terms and requisitions of the 5th section of that act.*c* One of the grounds for issuing an attachment by that section is, that the defendant *is about to remove himself* or effects out of the Territory, so that the ordinary process of law could not be served on him. By the second section of the act of 1807,*d* the language is "hath removed, or is removing him or herself out of the county privately." The 10th section of the same act, page 14, to prevent errors, as it is alleged, gives the form of the attachment and bond, and in that form, the words "is about to remove himself out of your county," are used. The attachment in this case is a correct copy from that form. At the conclusion of the section, there is a proviso, that no attachment shall be abated for want of form, if the essential matters expressed in the foregoing precedent be set forth in such attachment. As in this case the attachment is substantially and probably literally copied from the form, it comes within the range and protection of this proviso. The Legislature in those acts of 1807 and 1814, intended to give a remedy where the ordinary process of the law would be in-

*b* Laws of Ala.
512.

*c* Laws of Ala.
page 18.

*d* Laws of Ala.
page 12.

effectual, or could not be served; the affidavit, together with the other requisites, states that the defendant was about to remove himself out of the county, his place of residence, so that the ordinary process of the law could not be served on him, and therefore it was substantially sufficient.

JULY 1829.
Wallis
v
Murphy.

By JUDGE PERRY. Among other causes it is assigned for error, that the affidavit is not sufficient to authorize the issuance of the attachment. The question arises, is the statement in the affidavit sufficient under the act of 1807,[a] to authorize the issuance of the attachment? The causes for which an attachment may issue, as designated in the law, are, "that any person hath removed, or is removing him or herself out of the county privately," &c. The reasons then, as stated in the affidavit as the ground upon which the attachment issued, are not warranted by the statute, which only authorizes an attachment to issue upon affidavit that the person *hath* removed, or *is removing* him or herself out of the county *privately*, so that the ordinary process of law cannot be served on him. In this case the oath is, that the defendant below "is about to remove himself out of the county of Morgan, his place of residence, so that the ordinary process of law cannot be served upon him;" this statement does not furnish a sufficient reason for granting the attachment; it should have been, that Wallis was actually removed, or was removing privately, either of which facts might have furnished a sufficient reason for the issuing of the writ. The allegation, therefore, that Wallis was about to remove, does not negative the idea that he was not amenable to the ordinary process of law; consequently the attachment improperly issued, and should have been quashed.

Judgment reversed.[b]

[a] Laws of Ala. page 12, sec. 2

[b] See Wilson v. Oliver. Minor's Ala. Rep. 196.