ELIZABETH CRAY

*v.*

ABRAHAM CRAY.

1. A bill filed to obtain a divorce *a mensa et thoro*, on account of the refusal of the husband to maintain the wife, though it presented no ground of divorce was, nevertheless, sustained, under the statute (*Rev. p. 318 § 20*), as a bill for support.

2. A denial of a marriage *de jure*, because complainant had another husband living when she married defendant, accompanied with an admission of a marriage *de facto*, presents a proper case for allowing alimony *pendente lite*. But such alimony was refused where the defendant swore, and his oath was not overcome, that he left complainant with her consent and at her request, and he otherwise met the allegations of the bill with his answer and affidavits.

---

Bill for divorce &c. On application for alimony *pendente lite* and counsel fee. On bill and answer and affidavits.

---

NOTE.—Whether a court will grant alimony in a suit for divorce, on the ground that the defendant has a former husband or wife living, seems to be questioned in some cases. The objection is founded on the reason that alimony depends on marriage, and if there never has been a marriage there cannot be alimony. Thus, there can be no original proceeding for alimony *after* a divorce ( *Wilde* v. *Wilde, 36 Iowa*

Cray *v.* Cray.

*Mr. C. H. Skillman,* for complainant.

*Mr. L. H. Sergeant* and *Mr. J. N. Voorhees,* for defendant.

THE CHANCELLOR.

The bill prays a divorce *a mensa et thoro,* and that the wife may have a separate maintenance. It prays other relief, also, and contains the general prayer. It is based on the allegation that the husband, in July, 1878, left his house in Lambertville, in which he and his wife were living together, and went to live elsewhere in the town, and has ever since continued to live separate from her, and has ever since refused to provide her with money for clothing and other things necessary to her comfort. The answer alleges that the defendant has, since the separation (which, it states, was with the consent of the complainant), ascertained that the complainant had a lawful husband living when she married the defendant, and that therefore she is not the defendant's lawful wife, and it denies the allegations of the

*319 ; Petersine* v. *Thomas, 28 Ohio St. 596 ; Bowman* v. *Worthington, 24 Ark. 522 ; Galland* v. *Galland, 38 Cal. 265)*; and where a divorce obtained in Kentucky allowed alimony, it was held that the wife could not afterwards go into a court of Indiana for more, although her former husband owned lands there, and her allowance was inadequate (*Fishcli* v. *Fishcli, 1 Blackf. 360 ; 2 Bish. Mar. & Div. § 516*); so, where both parties are non-residents (*Keerl* v. *Keerl, 34 Md. 21*). See *Brinkley* v. *Brinkley, 50 N. Y. 184 ; Cox* v. *Cox, 20 Ohio St. 439.*

In North Carolina, it seems, it is not necessary to decide, as in England, the question of marriage or no marriage, before passing on the right to alimony *pendente lite. Schonwald* v. *Schonwald, Phil. Eq. 215 ;* and see *Little* v. *Little, 63 N. C. 22.*

Bishop (*Vol. II, § 402 &c.*), says its allowance depends upon the fact of marriage being either admitted or proved, although such marriage need not be valid, and cites *Bird* v. *Bird, 1 Lee 209 ; Miles* v. *Chilton, 1 Robertson 684 ; North* v. *North, 1 Barb. Ch. 241 ;* although the marriage is alleged to have been brought about by the fraud of the pretended wife, the husband being a lunatic. *Portsmouth* v. *Portsmouth, 3 Addams 63 ;* CONTRA, *Roseberry* v. *Roseberry, 17 Ga. 139 ;* but see *Frith* v. *Frith, 18 Ga. 273.* See, also, *Rawdon* v. *Rawdon, 28 Ala. 565.*

Where a marriage was denied, but cohabitation admitted, alimony was allowed (*Smith* v. *Smith, 1 Edw. Ch. 255*); but not where the cohabitation was also denied (*Vreeland* v. *Vreeland, 3 C. E. Gr. 43*); or where the marriage was denied and the cohabitation meretricious (*York*

Cray v. Cray.

bill charging misconduct on him. It alleges that the complainant was, by the separation, left in full possession of the homestead, with all its furniture, and that, with the family there, she has been ever since well and amply supplied with provisions &c., in the same manner as before the separation; and that the complainant has and has had the benefit of the defendant's credit for the purchase of such things as she might or may need beyond what is supplied for the family. It alleges, also, that she has been and is permitted to take the money for the milk, butter and eggs which are produced on the property, and to apply it to such purposes as she may see fit, and that the money so received by her amounts to at least fifteen dollars a month.

The bill cannot be sustained as a bill for divorce. It states no cause of divorce. But it may be sustained as a bill for support under the 20th section of the divorce act. It alleges that the defendant, without justifiable cause, has abandoned his wife and refuses to support her adequately. The defendant, while he denies that there was a marriage

---

v. York, 34 Iowa 530; Humphreys v. Humphreys, 49 How. Pr. 140; Appleton v. Warner, 51 Barb. 270); or where the marriage was admitted but never consummated, because the wife justly suspected her husband had a former wife living (Holston v. Holston, 23 Ala. 777).

In Bartlett v. Bartlett, Clarke Ch. 460, in a suit by a wife for divorce, on account of the alleged impotence of her husband, alimony was refused [but notice that there was an agreement in this case as to the wife's father supporting her]; and see Smith v. Morehead, 6 Jones Eq. 360.

In Brinkley v. Brinkley, 50 N. Y. 184, where the evidence as to a formal marriage was evenly balanced, but that of a lawful cohabitation preponderated on the wife's side, she was allowed alimony. Also, Herforth v. Herforth, 2 Abb. Pr. (N. S.) 483; Purcell v. Purcell, 4 Hen. & M. 507; Fuller v. Fuller, 17 Cal. 605.

In Anonymous, 15 Abb. Pr. (N. S.) 307, a husband obtained a divorce on the ground of a prior marriage, and married again. His former wife then applied to open the decree of divorce on the ground of fraud.—Held, that the second wife was entitled to counsel fees, but not to alimony.

In a suit by a husband against his wife, to have their marriage declared void, by reason of her former marriage, on a decision in favor of the wife, the court may award her extra expenses and counsel fees (Griffin v. Griffin, 47 N. Y. 134); and also alimony, where a wife's petition, because her husband had a former wife living, is established (Vanvalley v. Vanvalley, 19 Ohio St. 588); see Zule v. Zule, Sax. 100.—REP.

*de jure* between him and the complainant, admits that there was one *de facto*. That would be sufficient ground on which to base an order for alimony *pendente lite*, if a proper case otherwise were presented. *Vroom* v. *Marsh, 2 Stew. 15*. In these cases the court acts with great care in passing upon such applications as this. *Glasser* v. *Glasser, 1 Stew. 22*.

The defendant, while he admits that he left the complainant, alleges and swears that he did so with her full consent and in accordance with her express wish; and the case made by the bill is otherwise completely met by the answer and the affidavits on the part of the defendant. The motion will be denied.